No. 16-3430, Mr. Zellman, and Ciparulo, go ahead and pass it for me, Ciparulo, got it. Yes, sir. Good morning, may it please the Court, and I'd like to reserve five minutes for rebuttal. That's fine. Thank you. My name is Yitzhak Zellman, and I represent the appellant, Nava Laniado, today. Your Honor, this is a rather straightforward claim under the Fair Debt Collection Practices Act, the FDCPA. In this action, Ms. Laniado received a collection letter from Certified Credit&Collection Bureau dated February 13, 2014. So why is Judge Sheridan wrong? Judge Sheridan comes to the conclusion that there were two different letters, and the second letter was simply a follow-up suggesting that she'd pay her bill. Is that the right analysis? Not quite, Your Honor, because if it was just a request for payment or a request for communication, that would probably be okay as long as it doesn't overshadow the validation rights provided in that February 13 letter. But this letter, which was sent three weeks later, dated March 5, 2014, this had, this told Ms. Laniado, she owes a debt amount at the medical center. You owe approximately $216.50, and it provided a date of service when she allegedly incurred this medical debt. And then the first paragraph says, you know, please pay your debt now. No problem with that. The next paragraph says, should there be any discrepancy, please contact us at this toll-free number. Or for our 24-hour automated customer service, call this toll-free number. Now, again, this is during the 30-day validation period. There's no mention in here, by the way, should there be any discrepancy, please call this number. If you want to dispute the debt, you've still got to do it in writing like that last validation notice three weeks ago said. And that's the real issue here, Your Honor. We're not contesting that debt collectors cannot continue collection efforts during the 30-day validation period. They absolutely can't. But if they're going to do that, they can't overshadow the validation notice. Yeah, but to go along with your position, we would have to virtually say that the debt collector could not send anything out during that 30-day period. He couldn't even send a Christmas card out with his toll-free number on it. In effect, that's not what CAPRIO stands for. And there's certainly nothing in the statute that says you can't communicate during the 30-day period. Absolutely, and that's the distinction we're trying to draw, Your Honor. Again, and that's where I think all the courts have come down the line, CAPRIO from this court, Tehran from the Ninth Circuit, Miller from the Fourth Circuit. And it's this, a request for payment during the 30-day period, fine, we're okay with that. A request, please call us, let's talk about your account, no problem. Where the problem arises is when there is anything relating to a dispute or to challenge what you think is owed. So, for example, in CAPRIO, the letter said, if we can answer any questions, or if you feel you do not owe this amount, please call us toll-free at this number. CAPRIO was off the chart, of course. Oh, sorry, Your Honor, I didn't mean to cut you off. It seems that what you're arguing, though, is that any letter would be inappropriate during that 30-day period because anything they send is going to have an invitation of one kind or another to communicate, to settle, or to dispute the debt. Not at all, Your Honor, because look at Tehran v. Kaplan, the Ninth Circuit decision from 1987. In that case, it just says, unless an immediate telephone call is made to Jay Scott, a collection assistant at our office, we may find it necessary to recommend to our client that they proceed with legal action. There's nothing about disputing a debt, it's a request for communication. And a request for communication, that's fine, and the Ninth Circuit says that's not overshadowing. But, Your Honor, you said CAPRIO is off the charts. Well, let's talk about that for a second. In CAPRIO, you had that first language on the front which says, if we can answer any questions or if you feel you do not owe this amount, please call us at this number. On the back of the letter was a 30-day validation letter. So Ray Caprio, in that case, could have turned the letter over, assumed the validation notice, and said, oh, if I want to dispute it, it's got to be in writing. Ms. Laniata didn't have that luxury here because if she would have turned the letter over, there was nothing there. There's no validation notice on the letter, on the front or on the back. It was in another letter three weeks earlier. To think that she's going to remember that, that's giving the least sophisticated consumer way too much credit, Your Honor. So should the second letter have reminded her of her rights? I'm not saying that the second letter always has to remind her of her rights. But if it's going to refer to disputing rights or anything exercising disputes, then it has to. Because otherwise, you run afoul of overshadowing. A validation notice is overshadowed or contradicted if we make the least sophisticated consumer uncertain as to their rights. That's what this Court said in Wilson v. Quadramed back in 2000. And Congress thought, you know, that's such a good idea. We're going to put that right in the statute. In 2006, they amended the FDCPA to say exactly that. And they amended 1692GB to say you can continue collection efforts during the 30-day period. But if you do so, it may not overshadow or be inconsistent with the disclosure of a consumer's right to dispute their debt. So, again, Miller v. Papo, cited by this Court in Cabrillo, which was from the Fourth Circuit back in 1991. In that case, it said if there is a valid reason to phone us at this phone number today, that is in the nature of disputing a debt. It's not a request for communication like Tehran. It's saying if you think there's a valid reason why you're not paying the debt, let us know. So that's in the nature of a dispute. And, in fact, we have a good example closer to home. Judge Sheridan, in a more recent case, Ashkenazi v. Certified Credit Collection Bureau, the same collection agency. In that case, the letter said the above account has been placed with us for collection. If you believe these services should have been covered by your insurance company, please call your insurance company at this phone number. And please also call us so that we can mark your account accordingly. Again, that's in the nature of dispute because you don't think you owe the debt because you think your insurance company should have covered it. And, in that case, Judge Sheridan said, I agree. I think that a least sophisticated consumer may be misled into disputing their debt orally versus in writing. And so that's where I think the major distinction is, Your Honor. We're not saying that every communication during the 30-day period is going to violate 1682G. As long as it doesn't fall in the nature of a dispute or a challenge to the amounts owed or something of that nature, they can absolutely request payment. Certified, in this case, would have just kept the first paragraph, which is, the above account has been placed with us for collection. Settlement is expected to be made with this office. Kindly remit payment in full. No problem. We wouldn't have brought that case. But it's the next paragraph which triggers this, which is, should there be any discrepancy, please call us at this number. What does that mean, should there be any discrepancy? Discrepancies means if you don't think you owe this amount or maybe you don't recognize this creditor. Those are natures of a dispute. And, again, it just says, please call us. There's no reminder to her, hey, if you call us, you're not going to trigger the validation rights. And that's a big deal, Your Honor, because 1682G is the most powerful rights afforded to a consumer under the FDCPA. I'm not aware of any other provision under the FDCPA which allows a debtor to actually stop communication efforts. But 1682Gb gives them that exact right because if they effectively exercise their rights to dispute a debt under the 30-day validation period, debt collection activities have to stop until the debtor can, I mean, the debt collection agency can provide verification of the debt. There's no other provision in the FDCPA which actually says, you know, you can stop communication efforts or collection efforts. Well, in this case, even the most unsophisticated debtor would have some recollection that a few weeks previous they received a communication which shows that they dispute the debt, how to do it. Would they recollect they had that prior right? And how would this overshadow if they received this other letter just a few weeks earlier? Well, again, Your Honor, in Caprio, that validation notice was on the back of the letter. This was one three weeks earlier. Well, this is two letters here. The Caprio was one letter. Right. And it seems to me if I was unsophisticated, I still remember I received a letter. It was two weeks earlier, three weeks earlier, saying that if I dispute this thing, I send them this communication and they have to show me where the debt came from. Sure. And Ms. Laniato may or may not remember that she did receive a letter three weeks earlier, but we're talking about the nuances of how to dispute the debt. You know, that, to expect a least sophisticated consumer to remember, yes, I got this letter three weeks ago. It said something in there about disputing a debt, and it specifically said to do it in writing. And that's the only way that I'm going to be effectively invoking the rights under 1692G. That I don't believe a least sophisticated consumer is going to be able to do. Now, if they put like an explanatory sentence in here, this doesn't affect your rights under the validation notice you received three weeks ago, refer to that for how to properly dispute the debt. This is not meant to supplement any of your dispute methods under the statute. Something like that would probably make this letter okay, but it doesn't. It simply says, should there be any discrepancy, please call this number. And so that tells the least sophisticated consumer, that tells them you're mean. I mean, that's just a logical reading of this letter that, you know, if you want to dispute the debt, call us and we'll take that dispute. Yeah, but I'm troubled about three weeks earlier they received a letter and told them that. And even if you're not sophisticated, you know you got a prior letter that says if you dispute the debt, well, no problem, we'll stop the clock and then tell you where the debt came from. And what you're arguing is that since Capital was an aggravated situation, one letter, you didn't have two letters, you had one letter. In this case, we have to assess whether someone who's unsophisticated would forget, well, I had a letter just a few weeks ago. If I don't like this debt, I think I'm not involved in it, what do I do? Right, and there's two things with that. First of all, reading this letter is actually far worse than Capital, because, again, you tend to turn over the letter and read the validation notes, and that will clear up any confusion you have. You have to read the last letter you got three weeks earlier. A few of you can still have it. But, again, just remember the underlying theme here is, and I just know my time is up, but this will take 20 seconds, is just that this is a 12v6 motion. And this case has already been to this court once already in the past two years, and this is the second time here. But at the end of the day, this is still a preanswer motion to dismiss under Rule 12v6. And the question is, is there no possible way that no least sophisticated consumer would be misled by this? And as Your Honor said in Caprio, which was, it's not our job to decide whether or not this is the only way to read it. Under 12v6, if a least sophisticated consumer can be misled by this, we should let the case go forward. And that's what we believe should have happened in this case, Your Honor. Thank you very much. Thank you. We'll hear from Mr. Ciparulo. Good morning, and may it please the Court. My name is Peter Ciparulo, and I represent the Appellee Certified Credit and Collection Bureau. Isn't a three-week time lapse and two separate letters demonstrated that a consumer here would be even more likely to be misled than in Caprio? No, Your Honor. There's no requirements in the Third Circuit decision, Peterson v. Portfolio Recovery Associates. But this is, the one thing you can't do is you've got to tell them if they wish to dispute it, they must do it in writing. And you come here with all caps, should there be any discrepancy, please call toll-free 800-blank-blank or our 24-hour automated customer service at 800-etc. I mean, that's blatant. And the problem you have is Caprio. You even have more of a problem than that. You've got the author of Caprio sitting right next to me. Well, I think that's favorable to my client's calls, Your Honor. And Caprio, the least sophisticated letter, could have just looked at the reverse side of the letter. I mean, as Mr. Zellman said, they may not, who knows if three weeks later you even have the letter. And then you get another letter that says, all caps. If you've got a problem, call us. That sounds like that is a violation of the act, pure and simple. Your Honor, the Peterson v. Portfolio. By the way, remember, it isn't just relatively, it's the least sophisticated. I mean, you've got to make it so you know. I've got to tell you, I used to do some of this work, so I used to be fairly sophisticated. I got this letter. I would think it's telling me I'm supposed to call if I've got a problem. I would point out that, first, Your Honor made the point that it was in all caps. The whole letter is in all caps, so there's no particular emphasis. But it's a paragraph all by itself. Absolutely. The whole letter is in capitals, though, and it's a continuation of an invitation pertaining to settlement, and the settlement is expected to be with this office. Why not just send the first letters twice? Why not just send the first letter and caption it second notice? I'm sorry, Your Honor. Why not just send the first letter again, caption it second notice? We wouldn't have a problem, would we? Well, there's no requirement. No, but if you did that, there would be no problem, right? I don't see where there would be a problem. No, you don't see a problem here at all. But if you sent the first letter twice with the appropriate language and just captioned it second collection notice, you could avoid the issue we're confronting. That is absolutely true. So there was a decision to exclude that language from the second letter, right? But there's no requirement. There was a decision made to exclude that language from the second letter, right? I'm not sure the genesis of how the second letter came to be. All I can say is that the second letter states what the conscious decision-making was. But conspicuously absent is any reference to the written piece. But there's no requirement, respectfully, Your Honor. There's no requirement under the law for the second communication to refer back to the original validation notice. But there's a requirement under the law that you have to write this with the common denominator of the least sophisticated consumer, right? Correct. Correct. Yeah, but doesn't your letter say if you dispute the debt, call us? In other words, telling me if I dispute this debt, for whatever reason, call me. Doesn't that help? No, I respectfully don't interpret it that way. It says to read it fully into the record, if that's okay. Should there be any discrepancy, please call toll-free, 800-253-2920, or for a 24-hour automated customer service call, 800-354-4744. Yes. So is that in effect saying if you dispute this debt, call me up? Well, I think you have to read it with the continuation of the above. Because the preceding sentence is, the above account has been placed with us for collecting. Settlement is expected to be made with this office, commonly remit payment in full. Should there be any discrepancy, please call us toll-free. There's nothing in there. Zero. Not about disputing it in writing, which is what the Act requires. And the thing, by the way, that just amazes me here is how you can dismiss this on a 12B6 motion. Your Honor, the validation rights were originally provided. There's no requirement that a second letter follow, repeat those validation rights. Under the Weber decision, the Eastern District decision, the least sophisticated consumer is presumed to keep the first letter. There's no case law that I saw cited in this circuit. Is that the rule, that the least sophisticated debtor is presumed to keep the letter and remember what it says, and to know what it says, even if you don't have the letter? There is no. The Weber decision states that. I have not seen a case in the third circuit commenting either way on that, other than the Peterson decision, which states that there is no need to repeat those validation rights. So if the Peterson decision says there's no need to repeat those validation rights in subsequent communications, I think it's logically inferred that the least sophisticated consumer would keep the first letter. Let's unpack this a bit. If the second letter was the only letter sent, would you have violated the Act? The second letter was, yes, because the validation rights were not provided. And the second letter was sent, and it doesn't even refer back to the first letter, does it? No, it doesn't. Respectfully, Your Honor, there's no requirement for it to do so. There is a requirement that you tell somebody if they want to dispute the amount that's claimed to be owed that you do so in writing. That is what the statute requires, and the second letter violates the statute. And you're saying that the second letter is okay because it's cleansed by a letter three weeks before that may have been lost. That's not what I'm saying. The second letter is a continuation of... I'm not going to say it's a continuation of the first, and everything in this letter is subject to everything we said in the first letter, and the first letter supersedes the second letter. Courts have found that continued discussions pertaining to settlement or to calling to discuss the status of the claim are not in violation of DCPA. In the District of New Jersey, Judge Shipp in Rosa v. Encore found that in the letter where it stated, where the original letter stated that if, excuse me one second, where the original letter stated that you believe this account has been paid, please call us, that that was not violating the FDCPA. That was not violating the FDCPA, even though in reference, if you believe you paid the debt clause in the initial correspondence, there was no confusion with Caprio. There was no violation of the Caprio decision. What types of communications do you think actually overshadow a proper validation notice? Look at the Miller case. Screaming headlines. Pay immediately. If you don't pay in 10 days, we're going to report you to credit reporting. That's a case where it would be clear violation. Threatening to take, saying if you don't pay within 10 days, we're going to take legal action. That would be, the consumer would think I have to pay within 10 days, otherwise. It says kindly remit payment in full here. So settlement is expected with this office. Kindly remit payment in full. If you have any questions, call us at this number. That's not telling us we're going to file a lawsuit against you. We're going to hurt your credit rating. It's saying that we expect you to make payment, and payment is expected with us. And by putting the discrepancy statement is, it's inviting continued discussion about settling the debt and paying the debt. So would it have been okay to send a sec, a third, and a fourth, and a fifth letter, identical to the second letter with no problem? Well, I think if it was sent after the 30-day period. No, within 30 days. It's just like this, but instead of two letters here, let's assume you had three and four letters. Would that be okay? Well, that would be the Palmer case. I think there were four letters. There were four letters sent. But then you might be raising different issues. Someone might construe that as harassing if you're sending four letters in a very short period of time. But assuming that you don't have the harassment argument, and if you're just sending the same letter, I wouldn't see that to be a problem. There's also case law that indicates we want to encourage settlement. That's the Lewis decision. We don't want to have to force debt collectors to retain attorneys to file suits. We want to encourage conversation, and there's a significant case law on that subject which has been cited in the briefing. And I would also refer your Honor, again, this is the Eastern District of New Jersey, excuse me, Eastern District of New York decision, the Spire decision, saying that you must pay or call this office. So that's suggesting you must pay or call this office. That's also suggesting that if you have an issue with the debt to make a phone call, and that was found not to overshadow the violation. You know what strikes me about your second letter? The mailing address appears once, but you've got three phone call numbers in that second letter. To me, that shows you're interested in talking to the person. You're not interested in mailing anything. The mailing address, you have that on any communication. But what you have is three separate numbers. So you are indicating this is the way you want to have a rapport with them or whatever. If that doesn't show you're interested in discussing the debt and telling them what the debt is and where it's from and so forth, why did you only have the mailing address once, but three times you had three different numbers? Well, it's because they're debt collection agencies. They're interested in settling the debt and getting the debt paid. But they can't dispute it within that 30 days by talking to them if the debtor has a dispute. Well, I would suggest to you, Your Honor, this letter is in the history of the Tehran case, which suggests that continued settlement efforts, continued collection efforts during the 30-day period. That is what this letter is trying to do. It's trying to get a dispute with the person. Doesn't it speak to really want to talk to them more than them to mail you anything when you have a mailing address once and you have three different phone calls for them to communicate with you? Yes, but you have the validation rights, properly set forth in the first letter. Let's assume without acknowledging that the least sophisticated debtor wouldn't have remembered the prior letter. If that is a bona fide thing to assume, can't you say wouldn't it be automatic that if I wanted to dispute this debt, I've got to call these people. I can't mail them. They've got three numbers. They're looking to talk to me, not to have me mail them anything. Does Your Honor's hypothetical presuppose that the consumer forgets the first letter? You didn't put three mailing addresses. You put three phone numbers and one mailing address. But I would suggest contrary to Caprio, the actual mailing address is in big type as opposed to bigger type than actually the phone numbers, where in Caprio the mailing address was in small, very small type, and the phone numbers were in bold. And there's no particular emphasis on the phone numbers as different from the rest of the type of the letter. Caprio, the basis was that we're looking to talk to you. We're not looking to have any mail. We're looking to have a little rapport here. We want to discuss it with you. And does the fact that maybe I'm chasing something ridiculous here, but I thought it was strange you had three phone numbers in the letter and only one mailing address. And really if they want to dispute all that to do is send you a letter. Should have given three mailing addresses and one phone number. But this letter is done within the context of continued collection activity within the 30-day period, continued action, promoting settlement, trying to get a settlement, trying to get payment. It's a Taran case. It's a DSPIRA case. It's just seeking to get payment. And, again, there's no dispute that the validation rights were provided. There's no case law that I've found. Now, your emissary acknowledges that. His position is within that 30-day period, you overwhelmed them by this desire to talk turkey with them, not to mail them anything. I just suggested this second sentence does not overshadow the validation rights. This is really parsing of letters. I think if you sent the first letter, the second letter went first, and right after that you sent a letter that says, no, it really has to be in writing, maybe you've got a case. But when you send the first letter and then roughly three weeks later you send a second letter that, on its face, violates the statute, then you really have a problem. Maybe you could have an argument at summary judgment that, in fact, the person had the first letter in front of them, that they remembered that the first letter said it could be in writing, and maybe they had consulted an attorney at some point, and the person said, don't worry about it, who knows. But at 12B6, it seems like you've got to go with the person who's the least, the bottom of the pile in terms of sophistication. And this says, got a problem, call me. My time is up. I do want to briefly respond, if I may. Sure. First letter has to have, within five days, you have to send those validation rights. So to send that second letter without sending the initial validation rights with it would be a whole other problem. Again, I have not been able to find a case, and nor is there any case study in the papers, which state that the second notice must refer back to the first letter. There's no cases on that. There is a case law that says the second notice needs to say that if you've got a problem, it has to be dealt with in writing. There is case law that says that the least sophisticated consumer, New York has the same interpretation of least sophisticated consumer as New Jersey, that says that they are presumed to have kept, even the least sophisticated consumer is presumed to keep their letter. Thank you, Robert. It's been an honor to have the opportunity to speak before this court. Thank you. Do you have anything to add, Mr. Zomen? Just briefly, Your Honor. Thank you. I'm not looking for broad sweeping rules from this court that every time someone gets a letter, they have to refer back to it, they have to keep all of it. That's not what we're asking about. We're just saying that in this situation, in this specific letter, there's just no mention of it. Your Honor twice mentioned that should you got a problem, call us, but that's not even what it says. It says should there be any discrepancy, which literally is telling them to their face, if you don't think you owe this money, if you think maybe you owe less. Right. But I just want to point, Your Honor, to page 21 of my brief, where I cite three cases out of the District of Pennsylvania, Eastern District of Pennsylvania, Middle District, and Eastern District again. We're quite familiar with the briefs. Thank you, Your Honor. Very well. But essentially all it says there is, and I'm quoting, a consumer is not expected to recall the contents of earlier communications from the debt collector because he received a lot of communications from the debt collector. So I think by saying you're supposed to keep them, you're supposed to remember, you're just setting the bar way too high for the least sophisticated consumer, who really is the lower rungs of sophistication in our society. And what my adversary was saying that, oh, we want to encourage settlement, and therefore don't knock us down for making a settlement offer, that's okay. And debt collectors make that argument all the time. But the point is, just because settlement is encouraged and we want to encourage settlement, it doesn't cleanse deceptive practices under the FDCPA. And this one, in our opinion, is a big one. Seth, I don't know if Your Honor has any other questions for me. No, thank you. Thank you, Your Honor. Thank you very much. And thank you to both counsel for being with us today. And we'll take the matter into advisement and recess. This court is adjourned until Friday evening. Thank you. Thank you. Thank you. Thank you. Thank you.